UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1180 FMO (GJSx) | Date | **November 23, 2022** |
|---|---|---|---|
| Title | **Karen Zavala v. Ur Jaddou, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Gabriela Garcia | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:**   (In Chambers) Order to Show Cause re: Proof(s) of Service

Karen Zavala ("plaintiff") filed a Complaint against Ur Jaddou ("Jaddou") and Merrick Garland ("Garland") in their official capacities (collectively, "defendants") on February 23, 2022. (Dkt. 1, Complaint). On May 11, 2022, plaintiff was ordered to file proof(s) of service demonstrating service of the summons and complaint on defendants. (Dkt. 13, Court's Order of May 11, 2022). Plaintiff filed two proofs of service on May 23, 2022, indicating that service had been made on Garland, (see Dkt. 14, Proof of Service), and Jaddou. (See Dkt. 15, Proof of Service). As explained below, plaintiff has not properly effected service on defendants.

Plaintiff must serve the summons and complaint in accordance with the Federal Rules of Civil Procedure. Rule 4[1] provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Specifically, to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the

---

[1] Unless otherwise specified, all "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1180 FMO (GJSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Karen Zavala v. Ur Jaddou, et al. | | |

United States, send a copy of each by registered or certified mail to the agency or officer.

Id. at 4(i)(1).

Here, plaintiff's proofs of service are insufficient. First, the proofs of service indicate that plaintiff sent copies of the summons and complaint via the United States Postal Service's ("USPS") Priority Mail Express, (see Dkt. 14, Proof of Service at 1); (Dkt. 14-1, Mailing Label at 1); (Dkt. 15, Proof of Service at 1); (Dkt. 15-1, Mailing Label at 1), but Rule 4 requires that copies of the summons and complaint be served via registered or certified mail. See Fed. R. Civ. P. 4(i)(1)-(2).

Second, plaintiff must serve the United States pursuant to Rule 4(i)(1)(A)-(B) in addition to sending a copy of the summons and complaint to each defendant in his or her official capacity.[2] See Fed. R. Civ. P. 4(i)(2). In other words, plaintiff must hand deliver or mail a copy of the summons and complaint to the United States Attorney for the Central District of California, see id. at 4(i)(1)(A), and mail a copy of each document to the Attorney General of the United States in Washington, DC.[3] See id. at 4(i)(1)(B).

To avoid dismissal of the action, plaintiff must effect service within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Here, plaintiff filed her proofs of service on May 23, 2022. Accordingly, the 90 days expired on or about August 23, 2022. However, the docket reflects that plaintiff's counsel has done nothing since May 23, 2022, to move this case forward. After the 90 days had expired, plaintiff's counsel should have taken some action to find out why the government did not file an answer or Rule 12 motion.

Clearly, there is no good cause to extend the time for plaintiff to effect service of process. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) ("First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."). Nevertheless, the court will give plaintiff one final opportunity to effect service of process in compliance with Rule

---

[2] The mailing address for the Civil Process Clerk of the United States Attorney for the Central District is as follows: Civil Process Clerk, United States Attorney's Office, Central District of California, 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

[3] Plaintiff erroneously mailed a copy of the complaint and summons to Garland, the Attorney General of the United States, at the Department of Homeland Security. (See Dkt. 14, Proof of Service at 1); (Dkt. 14-1, Mailing Label at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1180 FMO (GJSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Karen Zavala v. Ur Jaddou, et al. | | |

4.

      **This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

      Based on the foregoing, IT IS ORDERED THAT plaintiff shall file valid proof(s) of service no later than **December 9, 2022**.[4]  Plaintiff is cautioned that failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

      Initials of Preparer       gga

---

[4] Since this case has been pending with no activity for six months, the court will not consider any requests to extend the deadline.